GEORGE C. WILDE *vs.* ELIHU C. BAKER & others.
SAME *vs.* ISAAC S. MORSE.

Moneys paid by members of a mutual fire insurance company to the receiver of the company, on an assessment laid by him upon all the members of the company, cannot be recovered back, although the assessment is afterwards adjudged to be void; and if the receiver refuses to comply with an order of court to distribute such moneys among the creditors of the company, he and his sureties will be liable upon his bond.

Two actions of contract, the first of which was brought against the principal and surviving sureties, and the second against the administrator of a deceased surety, on a bond given by Elihu C. Baker and seven sureties to the clerk of this court for Suffolk county, with condition that said Baker should well and faithfully discharge the duties of receiver of the property and effects of the Traders' Mutual Fire Insurance Company, according to the order and decree of said court. The following facts were agreed in the superior court:

Various claims were duly proved against the company, in favor of various creditors, amounting in the aggregate to $12,130.38; and on the 28th of July 1865 the supreme judicial court ordered Mr. Baker to pay to the creditors a dividend of forty-three and one half per cent. upon their claims so proved. Mr. Baker had due notice of this order, and expressly assented to the same in writing; but neglected to pay the dividend, though repeatedly requested so to do by the creditors. The funds in his hands were money collected by him, for the most part, on an assessment laid under his direction, which was held by this court, in *Traders' Ins. Co.* v. *Stone,* 9 Allen, 483, to be invalid; some of it having been collected by him after judgment and executions recovered; some after suits brought, but before judgment; but the greater part was paid to him voluntarily by the members assessed, without suit, he cancelling and delivering up to them their deposit notes upon receipt of said assessments, and giving them receipts in full satisfaction and discharge of all further claims against them by said company, pursuant to an order and decree of this court, passed at April Term 1862.

On June 10th 1865, the insurance commissioners, pursuant to *St.* 1864, *c.* 308, § 2, certified to this court that, in their opinion, further efforts to collect the assessments of said company would not afford substantial relief to the creditors; and, on August 5th 1865, this court ordered the further collection of the assessments to be stayed, and the receiver to render a final account. Mr. Baker rendered his final account on October 23d 1865, which was referred to the insurance commissioners, pursuant to *St.* 1864, *c.* 308, § 3, who reported thereon, and recommended a final dividend of twenty-one and seven tenths per cent., in addition to the dividend of forty-three and one half per cent. already ordered; and, on the 7th of July 1866, this court ordered Mr. Baker to pay forthwith to the creditors a final dividend of twenty-one and four tenths per cent. on their claims proved, and also on three certain judgments recovered against said company, of which order he had due notice, but neglected to pay said dividend, though frequently requested to do so by said creditors. Said sureties and said administrator had notice of his neglect before the commencement of these suits. On the 11th of September 1866, this court ordered that the creditors have leave to put the bond in suit.

If the plaintiff is entitled to recover, judgment is to be rendered in each suit for the penalty of the bond, and executions awarded and to issue in each suit for $3491.66, with interest from July 7th 1866, but only one satisfaction of debt.

On the foregoing facts, judgment was rendered for the plaintiff; and the defendants appealed to this court.

*I. S. Morse*, for the defendants. The money in the hands of the receiver, having been collected upon an illegal assessment, should not be distributed among the creditors, to the exclusion of those who paid such assessment; but the latter have a just claim to share *pro rata* with the other creditors in a distribution of the assets of the company. *People's Ins. Co., petitioners*, 9 Allen, 325. *Traders' Ins. Co.* v. *Stone*, Ib. 483.

*S. E. Sewall & E. M. Bigelow*, for the plaintiff. The funds collected by Baker were not only voluntary payments, made without fraud or mistake of facts, but as a final adjustment by

which the members paying derived a substantial benefit, by having their deposit notes delivered up and cancelled, and receiving a full discharge from all further claims and assessments and with which it does not appear that they are dissatisfied. The case is therefore much stronger than any to be found in the books. *Benson* v. *Monroe*, 7 Cush. 125, 126. *People's Ins. Co.*, *petitioners*, 9 Allen, 325. 2 Greenl. Ev. § 123, and cases cited. *Norton* v. *Marden*, 15 Maine, 45.

CHAPMAN, J. The money sought to be recovered in this action was paid to Baker as receiver of an insolvent insurance company, appointed by this court. He and his sureties are liable, unless the money was received under such circumstances that he is liable to repay it to those from whom he received it. But the facts show that the payments were so far voluntary that they cannot be recovered back. *Benson* v. *Monroe*, 7 Cush. 125.

*Judgment for the plaintiff.*